[No. 4888.    Decided April 29, 1905.]

J. H. GRIFFITH, *as Trustee, Respondent,* v. W. M. RIDPATH, *Appellant.*[1]

TRIAL—EXCLUSION OF WITNESSES—DISCRETION. It is discretionary to exclude the witnesses from the court room, and refusal to do so is not ground for reversal where no evident abuse of discretion appears.

PLEADING AND PROOF—VARIANCE—CONTRACTS—EXTRAS—COMPENSATION FOR—QUANTUM MERUIT—SPECIAL CONTRACT. It is not a fatal variance that the complaint sought recovery for extra plumbing upon a *quantum meruit,* and the proof measured the compensation by comparison with the plumbing for the balance of the building at the contract price, where the defendant's answer admitted the doing of the work and alleged a special contract to pay for the same, the amount to be determined by a proportionate comparison with the cost of the other work.

APPEAL AND ERROR—RECORD—INSTRUCTIONS NOT INCLUDED—PRESUMPTIONS. Where the instructions to the jury were not brought up in the record, an unchallenged statement of the respondent, as to an instruction given, may be accepted, and the court will assume that the instructions given were what they should have been upon the whole case.

1Reported in 80 Pac. 820.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered July 3, 1903, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon contract. Affirmed.

*Ellis G. Soule* and *Happy & Hindman,* for appellant.

*Henley, Kellam & Lindsley* and *C. W. Hoyt,* for respondent.

PER CURIAM.—This action involves a controversy concerning the plumbing of what is known as the Ridpath Block, in the city of Spokane. One Dullanty entered into a contract with the defendant to do the plumbing of a three-story and basement brick and stone building, for the agreed price of $6,675, which contract it is alleged was fully performed by Dullanty. During the progress of the work, the defendant decided to build a fourth story covering a portion of the building. The complaint alleges that said Dullanty, at the request of the defendant, provided the material and did the plumbing work in said fourth story, and that the necessary labor and material required therefor were of the reasonable value of $2,645.54. It is alleged that the sum of $3,203.04 remains unpaid on account of said contracts; that, on or about the 27th day of October, 1900, and while said sum was due and owing from the defendant to said Dullanty, the latter, who was then indebted to a number of persons, assigned and set over to the plaintiff, as trustee for said persons, the said claim against the defendant, with authority to collect the same and apply it on the debts of said Dullanty. By this action, said assignee seeks to recover the sum alleged to be due.

The answer admits the first contract, and also that Dullanty did the plumbing of the fourth story at defendant's special instance and request, but denies that the fair and

reasonable value of the labor and material furnished in plumbing the fourth story was the sum of $2,645.54, or any other sum in excess of $976.84. It is also denied that any sum is due and unpaid. It is affirmatively alleged that, by the terms of the second contract, Dullanty was to be paid at the same rate, and in the same proportion, as he was paid for similar work under the first contract. Damages are also claimed by defendant on account of alleged defective work and material, and for delay arising from the acts of Dullanty. A trial was had before a jury, and a verdict was returned in favor of plaintiff, in the total sum, including interest, of $2,270.15. Defendant moved for a new trial, which was denied, and judgment was entered for the amount of the verdict, and defendant has appealed.

It is first assigned that the court erred in refusing to make an order excluding witnesses from the court room during the trial. At the time appellant requested this order, all of respondent's witnesses were present in the court room, while only one of appellant's was present. The court took the view that, as appellant's other witnesses were not then present, they would not know that they were under the rule of exclusion, and that the enforcement of the rule might result in placing the other side at a disadvantage. The more general rule upon this subject, as established by the weight of authority, is stated as follows:

"Such an order upon the motion or suggestion of either party is as a matter of fact rarely withheld, but, according to the general weight of authority, a party is not entitled to it, as a matter of right, and the granting or refusal of such order is within the discretion of the judge. The action of the judge in the matter is not subject to review, at least in the absence of evident abuse of such discretion." 21 Ency. Plead. & Prac., 983, 984.

No evident abuse of discretion appears in this case, and the matter is therefore not reviewable.

It is contended that the court erred in denying appellant's motion for nonsuit, at the close of respondent's testimony. This is urged upon the theory that the evidence varied from the complaint. It is insisted that by the complaint recovery is sought under a *quantum meruit* for the plumbing of the fourth story, and that there was not sufficient proof as to values to warrant recovery. The appellant in his answer, however, admitted that the labor and material were furnished at his request, and that he had received the benefit thereof. He did not admit that he was to pay the reasonable value, but alleged that, by special contract, he was to pay the same rates that he paid under the contract for the other parts of the building, the amount to be determined by proportionate comparison with the cost of the other work. Dullanty testified for the respondent as follows:

"Q. What agreement did you and Colonel Ridpath make with reference to this additional work? A. Well, there was no particular agreement; no writing in regard to doing anything, more than we was to go on and do it in proportion to the rest of the work."

The above was in support of appellant's acknowledged theory of the contract. There was sufficient other evidence upon which to base the comparative calculation. The only difference between the agreement pleaded by respondent and his proof was a difference in the rule by which his compensation was to be measured. His proof corresponded with the rule for measuring compensation which was pleaded by appellant himself. Under such circumstances the proofs should not be held to amount to a fatal variance. Bal. Code, § 4949, provides as follows:

"No variance between the allegation in a pleading and

the proof shall be deemed material unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."

It is manifest that appellant was not prejudiced, for the reason that the proof corresponded with what he had pleaded himself. Appellant not having been materially misled, it was competent for the facts to be found according to the evidence without amendment. Bal. Code, § 4950; *Olson v. Snake River Valley R. Co.,* 22 Wash. 139, 60 Pac. 156.

Errors urged upon the introduction of testimony, we think, were not prejudicial, in view of the theory on which we understand the case was submitted to the jury. The certificate to the statement of facts before us shows that, together with certain amendments proposed and filed by respondent, it contains all of the material facts not already a part of the record. Such amendments are, however, not here. No instructions to the jury appear, either in the statement or record. The transcript incidentally shows, by a recital in the judgment, that instructions were given to the jury. Respondent says the instructions as to the measure of recovery were upon appellant's theory, and quotes to that effect from what is asserted to have been an instruction given. The record not showing to the contrary, and inasmuch as such an instruction was clearly right for reasons we have stated, we shall assume, in the absence of a challenge to respondent's statement, that the court so instructed. The certificate of the court disclosing that all the record of the trial is not here, we shall assume that the instructions were what they should have been, under the whole case as presented. The measure of compensation, as contended for by appellant, and as testified by respondent, was therefore stated to the jury, and it was made clear that all evidence was to be considered for the

purpose of effecting such measurement, and not otherwise. Disputed facts were settled by the verdict.

We find no reversible error, and the judgment is affirmed.