[No. 7331.  Decided August 17, 1908.]

LOUIS HENDELMAN, *Respondent*, v. BERNHARD KAHAN *et al.*,
*Appellants.*[1]

PLEADING—ANSWER — ADMISSIONS — MONEY LOANED.  An answer
as a whole admits that a sum was received by defendants as a loan,
where, in an action for money loaned, the answer admits that a por-
tion was to be regarded as a loan, and the claim is then made that
the other portion was to be applied upon a board bill due from plain-
tiff to defendant, and which thereby paid the board bill leaving noth-
ing further due thereon, and a further clause in the answer alleges
that no part of the board bill had been paid and that the same is now
due and owing, thereby neutralizing the claim that only part of the
money was a loan.

TRIAL—MISCONDUCT OF JUDGE—COMMENT ON FACTS—INSTRUCTIONS.
In an action for money loaned, an instruction that the defendants
admitted in their answer that the plaintiff loaned them the two
sums of money claimed, is not an unlawful comment on the evidence
when it was not an issue in the pleadings; and in any event the
same would not confuse the jury where the defendants had the
benefit before the jury of their contention that only part of it was
received as a loan, and where under the evidence and the whole
case the jury must have understood the instruction as meaning that
defendants only admitted receiving the money.

LIMITATION OF ACTIONS—ACCOUNTS—WHEN NOT CONTINUOUS—IN-
STRUCTIONS.  Upon a counterclaim for a board bill, it is proper to in-
struct that the lapse of three years would defeat a recovery unless
a payment had been made on the liability, without instructing that
the statute begins to run only from the close of the account, where
the periods covered a number of years and were so infrequent and
far removed that they became independent transactions, precluding
the idea of a continuous transaction.

CONTINUANCE—SURPRISE—EVIDENCE.  Upon a counterclaim by de-
fendant for a board bill it is proper to deny a continuance on the
ground of surprise by reason of evidence that plaintiff had furnished
money to defendants' young brother, a cousin, at their request, which
fact was not pleaded in the complaint, where the same was not in-
troduced to sustain a recovery therefor, but only to show the rela-
tions of the parties and to support plaintiff's claim that there had
been no agreement to pay board during his visits to the defendants.

[1]Reported in 97 Pac. 109.

TRIAL—RECEPTION OF EVIDENCE—SEPARATION OF WITNESSES—DIS-
QUALIFICATION OF WITNESSES. The disobedience of a witness to an
order excluding witnesses from the courtroom does not disqualify
him, and he should not be prevented from testifying except for a
party's connivance in his disobedience.

APPEAL—REVIEW—COMPETENCY OF WITNESS—DISCRETION. The re-
fusal of the court to disqualify a witness from testifying for dis-
obedience to an order excluding witnesses from the courtroom will
not be reviewed except for an abuse of discretion.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered September 24, 1907, upon
the verdict of a jury rendered in favor of the plaintiff, in an
action to recover money loaned to the defendants. Affirmed.

*Belt & Powell*, for appellants.

*Robertson & Rosenhaupt*, for respondent.

HADLEY, C. J.—This is an action for the recovery of mon-
ey alleged to have been loaned by the plaintiff to the defend-
ants. There are two causes of action. The first alleges that
$1,000 was loaned at one time, and the second that $200 was
loaned at a later date. Judgment was demanded for $1,200
and accrued interest. The defendants answered, admitting
the receipt of the money, and they affirmatively alleged that
the plaintiff is indebted to them for board and lodging in
the sum of $337, and in the further sum of $64.80, for mon-
ey paid by them in his behalf, making a total of $401.80
which they claim should be deducted from the amount claimed
by the plaintiff. The plaintiff concedes that the $64.80
should be credited to the defendants, but denies that any sum
is owing for board. He denies that he was at the home of
defendants for as long periods as they allege, and says it
was expressly understood that he was there as a guest only.
He also interposes the plea of the statute of limitations
against the claim for board and lodging. The cause was
tried before a jury, and a verdict was returned for the plain-
tiff in the sum of $1,124.10. Judgment was entered for
that amount, and the defendants have appealed.

It is assigned that the court erred in instructing the jury that the appellants admitted that the sums advanced were advanced as loans. The answer to the second cause of action, expressly admits that the sum of $200 was advanced as a loan. The answer to the first cause of action however, states that appellants admit that respondent turned over to appellants "the sum of $1,000 on or about the 25th day of July, 1906, a portion of which was to be regarded as a loan to defendants." For the purpose of avoiding the force of the statute of limitations as to at least a part of the account for board, the appellants now claim that when the money was paid to them, it was understood that they should deduct a sufficient sum to pay the amount of accrued board. Hence, the reason for the allegation in the answer that a part only was regarded as a loan. It is appellants' contention now that, when the money was advanced to them, the account for board was thereby paid; that no indebtedness for the board thereafter existed, but that the amount loaned was reduced by the amount necessary to liquidate the board account. If the language above quoted from the answer may be said to support appellants' present contention in this regard, its force is entirely neutralized by the following allegation in the affirmative part of the answer:

"That the room and board so furnished by defendants to plaintiff was furnished at plaintiff's request and was of the reasonable value of $30 per month, making the value thereof the sum of $345; that plaintiff has paid thereon the sum of $8, and that the balance of $337 remains due defendants."

Thus it was positively averred that the board account "remains due," which is the equivalent of saying that it is unpaid. If it is unpaid, then no part of the money advanced was applied upon the board account, and it was all loaned in fact. Therefore the effect of the whole answer is to admit that the whole sum was advanced as a loan, and the court did not err in its statement to the jury upon that subject. It is urged that the statement was a comment upon the facts,

for the reason that the fact that the whole amount was loaned was disputed. We have seen that it was not properly an issue under the pleadings. But, in any event, appellants had the benefit of the contention before the jury and, even if it were a proper contention to make under the pleadings, still we think the remark did not confuse the jury upon the subject, but that when the court said: "The defendants in their answer admit that the plaintiff loaned them these two sums of money," it must have been understood under the evidence and the whole environment of the case as meaning that they admitted that they actually received the money from the respondent.

It is next urged that the court erred in its instructions on the subject of the statute of limitations. The instruction in effect was that a lapse of three years would defeat recovery upon the open account unless a payment was made which revived the liability. The complaint is that the court did not instruct as to the law in the case as to a continuous account, to the effect that the statute begins to run from the close of the transaction or account. When exception was taken to this instruction, the court made the following remark: "I thought of that, but it seemed to me from the evidence that the different periods in which the plaintiff boarded there were entirely disconnected. There was no evidence whatever that there was one continuous transaction. If there had been, I should have submitted that phase of the law." We think the view of the trial court above expressed is correct. The periods covered a number of years and were so infrequent and so far removed from each other that they became independent transactions and precluded the idea that they were parts of one continuous transaction, or that they created one continuous account.

The third and last assignment of error is that the court denied appellants' motion for new trial on the alleged ground of accident, surprise, and misconduct. It is argued that appellants were surprised by the testimony of respondent to the

effect that he furnished money to a young brother of appellant Paulina Kahan, and at the latter's request, for the purpose of assisting him to come from New York to Spokane, a matter not mentioned in the pleadings. It is claimed that the necessary absence of appellant Paulina Kahan at the time of the trial placed appellants at such a disadvantage that this testimony should be treated as a material surprise to them. The testimony was not given by way of charging the amount against appellants for recovery in this action, but simply by way of illustration to show that the respondent and appellant Paulina Kahan, who are cousins, did acts of accommodation for each other, merely expecting that the acts upon the one hand would compensate for those upon the other, without the creation of any legal liability either way, and that the board of respondent was furnished and accepted in this manner. It was also by way of showing that the mutual matters which had been treated as actual accounts had been settled, with the exception of the matters sued upon in this action. The testimony simply had the effect to support respondent's denial of any liability for board, and did not furnish any ground for surprise sufficient to authorize a new trial.

In connection with the last assignment of error, the young brother of appellant Paulina Kahan was permitted to testify that money was furnished to him by respondent at the sister's request, and it is claimed that he violated the rule of exclusion from the courtroom which had been applied to witnesses from the beginning of the trial. It is argued that he was kept in the courtroom by the respondent, and that it amounted to misconduct on the latter's part. The rules of decision applicable to such a situation are collectively stated as follows:

"With regard to the effect of disobeying an order putting a witness under the rule upon the competency of such witness to testify, the decisions seem to be in irreconcilable conflict. Some hold that it is discretionary with the judge to allow or forbid a disobedient witness to testify, and that the action of the court is not assignable as error. Others expressly declare that the court has no power merely for disobedience to its

order for separation to forbid the examination of a witness. The better rule appears to be that the witness should not be disqualified by the disobedience, but that his examination should in all cases be allowed, at least where the party calling him is guiltless of any connivance in his disobedience. If, however, it appears that the witness has disobeyed by .the consent or procurement of the party, the court may very properly exclude him." 21 Ency. Plead. & Prac., pp. 987, 988, 989.

It will be seen that in no instance is the witness disqualified from testifying, and he should not be prevented from doing so unless his disobedience has been. through the consent or procurement of the party, and in that case the court may properly exclude him ; but the refusal to do so is a matter of discretion which will not be reviewed unless there is a manifest abuse of discretion on the part of the court. The record here does not show such abuse of discretion.

The new trial was properly denied, and the judgment is affirmed.

FULLERTON, CROW, ROOT and MOUNT, JJ., concur.