[No. 27717. Department One. October 23, 1939.]

COLIN D. MURDOCH, *Appellant*, v. ELLEN LEONARD, *Respondent*.[1]

*Guy E. Kelly* and *Charles W. Johnson*, for appellant.

*Rex S. Roudebush*, for respondent.

BLAKE, C. J.—Claiming title to certain residence property in Tacoma under a sheriff's deed and a deed from defendant, plaintiff brought this action to quiet title and for possession of the property. The defendant, alleging the deeds were procured by fraud perpetrated upon her by plaintiff, countered with a simi-

[1]Reported in 95 P. (2d) 37.

lar action. From a decree in favor of defendant, plaintiff appeals.

The appellant, at the time of the transactions out of which the action arose, was married to respondent's niece. He was a man of considerable business experience. Respondent was in her late sixties—an invalid with no business experience. Her husband died in 1935. The property in question was their home. Prior to his death, Mr. Leonard had made some improvements on the property. There was a materialman's lien, amounting to about three hundred and fifty dollars, against the property on account of these improvements. The house was divided into two apartments— an upper and lower. In the upper, respondent made her home. The lower she rented.

The materialman's lien was foreclosed and the property was sold under execution. Sheriff's certificate of sale, reciting a bid of $473.78, was executed and delivered to the judgment creditor on May 16, 1936. On January 7, 1937, the certificate of sale was assigned to appellant and his wife, Helen Murdoch. On the same day, appellant obtained three hundred dollars from respondent. He paid the full amount due under the certificate of sale. Respondent executed and delivered a deed to Murdoch and his wife on February 19, 1937. Sheriff's deed was executed and delivered to them on May 18, 1937. On May 24, 1937, Murdoch mortgaged the property to secure a loan in the sum of one thousand dollars. Respondent, however, continued in possession of the property—living in the upper apartment and collecting rent from the tenants in the lower. For about six months, so far as dominion and control of the property were concerned, the situation remained the same as before delivery of the deeds.

Then, trouble developed between Murdoch and his wife which culminated in a divorce. Murdoch then

began to assert his right to possession—collecting rent from the tenant in the lower apartment and demanding that respondent either pay rent or vacate the upper.

We are persuaded, as was the trial court, that "appellant secured title by fraudulent representations." We are convinced that appellant induced respondent to permit the materialman's lien to be foreclosed and to execute the deed to him upon the following representations:  (a) That there were claims against the property in the amount of one thousand or one thousand two hundred dollars; (b) that, if he were permitted to take title, she could remain in possession of the property during her lifetime—occupying one apartment and collecting rent from the other.

We believe from the evidence that the latter representation was made with no intent, at the time it was made, to abide by it.  Being false, it constituted fraud.  *Kritzer v. Moffat*, 136 Wash. 410, 240 Pac. 355, 44 A. L. R. 681; *Rennebohm v. Rennebohm*, 153 Wash. 102, 279 Pac. 402.  That the former representation was false, is not disputed.  The respondent was entitled to, and did, rely upon the representations to her damage.

Appellant urges that respondent alleged and attempted to prove an express trust; that, since an express trust may not be established by parol evidence, her cause must fail.  What theory was advanced at the trial by way of argument in support of her cause of action, is not apparent from the record.  It is clear from the record, however, that respondent alleged and proved that appellant obtained title by fraudulent representations and concealment.  Upon title so obtained, equity imposes a constructive trust which may be established by parol.  *Rozell v. Vansyckle*, 11 Wash. 79, 39 Pac. 270; *Rennebohm v. Rennebohm, supra.*

The appellant complains because the court entered a money judgment against him in the sum of $574.24.

This represented the balance due of the three hundred dollars obtained by appellant from respondent on January 7, 1937, and the balance due upon the mortgage placed upon the property by him, less certain credits to which he was entitled on account of moneys paid out for the benefit of the respondent and the property. The money judgment was properly entered.

Another assignment of error should be briefly noted. At the beginning of the trial, the court directed that witnesses be excluded from the court room. After testifying, it seems that the witnesses remained in the court room. One such was recalled and permitted to testify over the objection of the appellant. The presence of a witness in the court room, contrary to the judge's order of exclusion, does not disqualify him from testifying. *Hendelman v. Kahan*, 50 Wash. 247, 97 Pac. 109.

Decree affirmed.

MILLARD, MAIN, ROBINSON, and SIMPSON, JJ., concur.