[No. 29216. Department Two. February 16, 1944.]

ALGEAIKA GEORGES, *Appellant,* v. LOUIS LOUTSIS *et al.,*
*Respondents.*[1]

*Chavelle & Chavelle,* for appellant.
*Rummens & Griffin,* for respondents.

BLAKE, J.—Plaintiff brought this action to impress a constructive trust on real property, referred to as 81 Pike street, Seattle, title to which is held by defendants. At the close of plaintiff's evidence, the court granted a challenge to the sufficiency of the evidence and entered judgment dismissing the action, from which she appeals.

Respondents acquired title to the property in 1937. Appellant and her then husband, George Georges, were occupants of the property at that time and continued to be until 1939. In February of that year, they instituted an action against the respondents here to have the deed by which they acquired title declared a mortgage. Thereafter, respondents commenced an action in unlawful detainer for possession of the property. The two actions were consolidated for trial. After hearing the evidence, the

[1]Reported in 145 P. (2d) 901.

court entered an interlocutory order providing that, "if the plaintiffs [Georges and wife] pay to the registry of this Court on or before the 19th day of June, 1939, the sum of $6756.12, with interest at the rate of 8% from May 18, 1939 . . . then and in that event the defendant [Louis Loutsis] shall execute a deed to the plaintiff of the property in litigation . . . in the event that the plaintiffs shall fail to pay the said sum into the registry of this Court, that then and in that event, the defendants shall hold the said property free and clear of any and all claims of the plaintiffs or either of them. . . . " Georges and wife failed to make the payment.

On June 23, 1939, the court entered a decree quieting title to the property in respondents, declaring Georges and wife "have no right, title, interest or lien upon said real property," and "perpetually" enjoining them "from asserting or setting up any estate, right, title, interest, claim, lien, encumbrance or deed of trust in, to or upon said real property. . . . " George Georges alone appealed from the decree, he having, in the meantime (June 13, 1939) been awarded, as against appellant here, the equity in the property by an interlocutory order of divorce.

On George Georges' appeal, the decree of June 23, 1939, was affirmed (3 Wn. (2d) 1, 99 P. (2d) 413). No appeal having been taken from the interlocutory order in the divorce action, a final judgment was entered in due course.

By the express terms of the decree of June 23, 1939, the respondents became absolute owners of the property, free of any preexisting equities appellant and her then husband may have had in it. By implication, at least, appellant concedes this. For the tenor of her whole case rests upon declarations and conduct of respondents subsequent to the entry of that decree. The sum and substance of her evidence is that respondents consulted her with respect to the management of the property, that they repeatedly declared that all they wanted was to get their money out of it, that they would credit all rents received against expenses of maintenance and operation, and would convey the property

to appellant at any time she could pay them the balance of the money they had put into it.

 The essence of an action to establish a constructive trust is fraud. 1 Pomeroy's Equity Jurisprudence (5th ed.), p. 209, § 155; 4 id. 93, § 1044; 26 R. C. L. 1232, § 78; *Rozell v. Vansyckle,* 11 Wash. 79, 39 Pac. 270; *Seventh Elect Church in Israel v. First Seattle Dexter Horton Nat. Bank,* 162 Wash. 437, 299 Pac. 359; *Murdoch v. Leonard,* 1 Wn. (2d) 37, 95 P. (2d) 37. Search this record as we may, we can find none of the elements of fraud which are necessary to invoke the equitable powers of the court.

 Viewed in the light most favorable to appellant, the evidence establishes merely an oral declaration of trust or an oral agreement to convey. In neither aspect can her case stand. For an express trust must be in writing. *Farrell v. Mentzer,* 102 Wash. 629, 174 Pac. 482. As also must be an agreement to convey real estate. Rem. Rev. Stat., § 10550 [P. C. § 1908-21].

 Appellant stresses a confidential relationship between herself and respondents, amounting almost, if not quite, to a family tie. Such a relationship, of course, demands the best of good faith in business dealings. But there must be a breach of good faith before a cause of action arises. In this record, we can find none of the elements of fraud that existed in the *Rozell,* the *Seventh Elect Church,* and the *Leonard* cases, *supra.*

From the entry of the decree of June 23, 1939, the respondents were dealing with their own property, free from any prior claim of interest of appellant. Standing alone, as it does, the confidential relationship forms no ground for a cause of action to enforce a subsequent gratuitous promise made by respondents to convey their property to appellant.

Judgment affirmed.

SIMPSON, C. J., ROBINSON, GRADY, and MALLERY, JJ., concur.