## HOLSTEIN v. GRIER.

### No. 12631.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 25, 1953.

Clinton G. Brown, Jr., San Antonio, for appellant.

D. Richard Voges, Floresville, Marvin T. Deane, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Alex Grier against Roy J. Holstein, seeking to recover the sum of $429 for the grubbing of 6.6 acres of land owned by Holstein. Grier's contention was that the contract price for the grubbing was $65 per acre, while Holstein contended that the total price for the grubbing of the entire tract was $65. Grier also asked for attorney's fees.

The trial was to a jury and resulted in judgment in favor of Grier in the sum of $429, together with attorney's fees in the sum of $100, from which judgment Roy J. Holstein has prosecuted this appeal.

Appellant's first contention is that the court erred in refusing to permit his two witnesses, Buster Talley and Dennis Talley, to testify because they violated the court's instruction placing them under the rule.

The case went to trial on the morning of June 23, 1953, before a jury, and all of the witnesses were placed under the rule, at

the request of appellant, Holstein, in keeping with the provisions of Rule 267, T.R.C. P. Appellee placed some nine witnesses upon the stand during the morning, all of whom testified, in effect, that the prevailing price for grubbing land similar to that owned by appellant was $65 per acre. As each witness concluded his testimony, he was, by agreement of the parties and consent of the court, excused from the rule and allowed to remain in the court room. At noon the court adjourned, and when it reconvened after noon appellant's two witnesses, Buster Talley and Dennis Talley, seeing all of appellee's witnesses going into the court room, also went in and took seats among the persons present. At this juncture the appellee took the witness stand and testified, among other things, that the agreed price for the grubbing was $65 per acre, and rested his case.

Appellant then called his witness Buster Talley and learned, for the first time, that he was seated in the court room in violation of the rule, as was also his other witness, Dennis Talley. Appellee objected to the witnesses testifying, upon the ground that they had violated the rule, which objection was by the court sustained, and appellant denied the testimony of these witnesses, which was shown to be material.

█ It is apparent here that these two witnesses did not wilfully violate the rule, but did so through the belief that it would be all right for them to go into the court room as all the other witnesses were doing so. It is further apparent that the rule was violated by these witnesses without the consent, connivance, procurement or knowledge of appellant or his counsel. Under such circumstances the court erred in not permitting these witnesses to testify. It will be noted that the punishment prescribed by Rule 267, T. R. C. P., is that any person violating such instructions may be punished for contempt of court. There is no provision for not permitting the witness to testify.

█ The only case that has come to our attention where witnesses were not permitted to testify in a civil case for violating the rule is that of Johnson v. Cooley, 30 Tex.Civ.App. 576, 71 S.W. 34, 37. In that case the Court said:

"There is a conflict in the authorities on the question of the right of a trial court to refuse to permit a witness to testify, who, after having been placed under the rule, has violated the instructions of the court, and heard the testimony, or a repetition of the testimony, of other witnesses in the case. The weight of authority in America holds that such right does not exist in the court, unless the violation of the rule was occasioned by the party who offers the witness. In England the right is denied in all cases except those affecting the revenue. Jones, Ev. § 808. The question, in so far as it has been passed upon by the higher courts of this state, has more often arisen in criminal cases, and the complaint has generally been that the trial court erred in permitting the witness to testify. Sherwood v. State, 42 Tex. 498; Powell v. State, 13 Tex.App. 244; Creswell v. State, 14 Tex.App. [1] 16; Pierson v. State, 18 Tex.App. [524] 536; Cook v. State, 30 Tex.App. [607] 612, 18 S.W. 412; Texas Exp. Co. v. J. W. Dupree & Exp. Co., 2 Willson, Civ.Cas.Ct.App. § 321; Phillips v. Edelstein, Id. § 452. In these cases it was held that the matter was one resting in the discretion of the court, and the ruling of the trial court would not be revised unless there was a clear abuse of such discretion, resulting in injury to the party complaining. We are of opinion that the administration of justice would be better subserved by denying to the trial court the right in any case to refuse to allow the witness to testify. The primary object of judicial investigation is the ascertainment of the truth of the matter under consideration, and a rule which excludes any means by which the truth may be arrived at should not be adopted by the courts. The rule which requires the court, on the motion of either party, to exclude the witnesses from the courtroom, so that they might not

hear each other testify, and to direct them not to discuss with each other, or permit any person to discuss with them, the evidence in the case, is designed to aid in the ascertainment of the truth, and, when invoked by either party to a suit, should be enforced by the exercise of the power of the court to punish as contempt any violation of such rule; but to authorize the court to exclude the testimony of a witness who had violated the rule would in many cases operate to defeat the object and purpose of the rule. The supreme court of the United States in the case of Holder v. U. S., 150 U.S. 91, 14 S. Ct. 10, 37 L.Ed. 1010, holds that the court has no right to exclude the testimony of a witness because of a violation of the order of withdrawal. We think this is the sound doctrine, and should be followed by our courts. The case we are considering does not, however, require the application of this doctrine. Under the rule laid down by the courts of this state, we think the trial court abused his discretion in refusing to allow the witness to testify."

This case had never been overruled and should be followed here.

Appellee cites us to the cases of Missouri, K. & T. R. Co. v. Pacheco, Tex.Civ.App., 185 S.W. 1051; Schebesta v. Stewart, Tex. Civ., 37 S.W.2d 781, and Garlington v. McIntosh, Tex.Civ.App., 33 S.W. 389, but in each of these cases the witnesses violating the rule were permitted to testify, and they can be construed as going no further than holding that the trial court did not err in permitting such witnesses to testify even though they had violated the rule. However, they are not authority for the contention that, under the circumstances, in the case at bar the trial court was authorized to deny to appellant's witnesses the right to testify. There are authorities from other states sustaining us in the conclusion we have reached herein. Mintzer v. Wilson, 21 Cal.App.2d 85, 68 P.2d 370, 371; Southern Ry. Co. v. Alexander, 59 Ga. 852, 2 S.E.2d 219; Hogg v. Fannie May Candy Shops, 321 Ill. 640, 53 N.E.2d 494; Grimes v. Grimes, 197 Miss. 315, 20 So.2d 662; Murdoch v. Leonard, 1 Wash.2d 37, 95 P.2d 37; People v. Duane, 21 Cal.2d 71, 130 P.2d 123; People v. Tanner, 77 Cal.App.2d 181, 175 P.2d 26.

 In view of the fact that this case must be reversed for another trial we will point out that the question of the amount of the attorney's fees should have been submitted to the jury. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155.

Accordingly, the judgment will be reversed and the cause remanded.

Reversed and remanded.