[No. 35873.   Department One.   May 31, 1962.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL C. WEAVER *et al., Appellants.**

*Edward John Crowley, Jr.* and *Harold D. Clarke,* for appellants.

*John J. Lally* and *Theodore R. Fournier, Jr.,* for respondent.

FOSTER, J.—The appellants were jointly charged, tried and convicted of three counts of second-degree burglary and one count of possession of burglar tools. While thirty errors are assigned, only three issues are presented: insufficiency of the evidence, admission of testimony concerning intent in connection with the burglar tools count; and

*Reported in 371 P. (2d) 1006.

permitting a witness to testify who remained in the courtroom after all witnesses were ordered excluded.

Rowley's Tavern in Spokane, Washington was burglarized on August 26, 1960. Entry was effected by prying open a window with a tire iron. Several coin machines were broken open, some drawers were ransacked, and the cash register was opened and rifled.

Appellants were convicted of burglarizing the Casbah Tavern on the following night, August 27th. On the roof of the Casbah Tavern, a tire iron was found which had been used to gain an entry to the building. There was proof that this bar might have been used to enter the Rowley building because certain marks on the iron matched marks on the sill of the forced window. There is complete failure of proof that appellants committed the act. Such, however, is the entire testimony concerning the Rowley burglary.

██ While a conviction may be sustained solely on circumstantial evidence,[1] the circumstances proved must be unequivocal and inconsistent with innocence. *State v. James,* 58 Wn. (2d) 383, 363 P. (2d) 116; *State v. Siemion,* 54 Wn. (2d) 17, 337 P. (2d) 715; *State v. Berg,* 49 Wn. (2d) 86, 298 P. (2d) 519.

██ The only proof of the appellants' connection with this count is the discovery in a spot where appellants had been of a tool which may or may not have been used in the commission of the offense charged. There is a total absence of proof that appellants used the tool. The essential proofs that appellants committed the crime charged cannot be supplied by such a pyramiding of inferences. *Boyle v. King Cy.,* 46 Wn. (2d) 428, 282 P. (2d) 261; *State v. Willis,* 40 Wn. (2d) 909, 246 P. (2d) 827; *Neel v. Henne,* 30 Wn. (2d) 24, 190 P. (2d) 775. The conviction of the Rowley burglary is reversed.

Appellants further contend that the evidence concerning

[1]*State v. Charley,* 48 Wn. (2d) 126, 291 P. (2d) 673; *State v. Long,* 44 Wn. (2d) 255, 266 P. (2d) 797; *State v. Evans,* 32 Wn. (2d) 278, 201 P. (2d) 513.

the Casbah and Richert burglaries was insufficient. We decide otherwise.

Count 5 charges appellants with possession of burglar tools in violation of RCW 9.19.050. On August 28, 1960, because of a traffic violation, a state patrolman stopped a car driven by appellant Eigell in which Weaver and a third person were passengers. The ensuing search revealed a shoe box containing 399 pennies, an 18-inch pry bar, and a small screwdriver. Weaver purchased this car in Spokane less than twenty-four hours earlier.

While the statute provides that mere possession of tools capable of being used in the commission of a burglary is prima facie proof of a criminal intent, respondent concedes that something more than mere possession must be proved to establish an illegal purpose.

Respondent contends that the testimony of Mr. and Mrs. Larry Brunner supplies this link. Mr. Brunner testified that on August 1, 1960, he had a conversation with appellant Eigell who proposed that they jointly burglarize a tavern. Mrs. Brunner testified that appellants had counted a large quantity of coins at her home in Seattle during the early morning of August 23, 1960.

Testimony concerning unrelated criminal acts is inadmissible to establish guilt, but admissible solely to establish intent or motive. It is elemental, however, that such testimony be relevant. *State v. Evans,* 57 Wn. (2d) 288, 356 P. (2d) 589; *State v. Hartwig,* 45 Wn. (2d) 76, 273 P. (2d) 482; *State v. Gellerman,* 42 Wn. (2d) 742, 259 P. (2d) 371; *State v. Emmanuel,* 42 Wn. (2d) 1, 253 P. (2d) 386; *State v. Goebel,* 40 Wn. (2d) 18, 240 P. (2d) 251.

The testimony of both Mr. and Mrs. Brunner was remote and irrelevant. Its admission was highly prejudicial, for which reason appellants' convictions on the burglar tools count must be reversed. *State v. Olsen,* 43 Wn. (2d) 726, 263 P. (2d) 824.

Appellants claim error in allowing Roy Hamilton, a member of the police department, to testify, after all witnesses had been ordered excluded from the courtroom. He sat at the counsel table with the prosecutor throughout the

trial and was permitted to testify over objection, notwithstanding the exclusion order.

This court has long followed the rule that the exclusion of witnesses is a matter within the trial court's discretion which will not be disturbed except for manifest abuse.[2] When the exclusionary rule is invoked, it is customary to exempt one witness to confer with the prosecutor during the trial. *State v. Whitfield,* 129 Wash. 134, 224 Pac. 559.

The convictions of the Rowley burglary count (count 2) and the burglar tools count (count 5) are reversed, but the convictions on the other two counts (counts 3 and 4) are affirmed.

HILL, WEAVER, and ROSELLINI, JJ., concur.

FINLEY, C. J., concurs in the result.

---

[2] *State v. Fairfax,* 42 Wn. (2d) 777, 258 P. (2d) 1212; *State v. Brown,* 31 Wn. (2d) 475, 197 P. (2d) 590, 202 P. (2d) 461; *Castleman v. Schiffner,* 160 Wash. 313, 294 Pac. 983; *State v. Colotis,* 151 Wash. 557, 276 Pac. 857; *State v. Whitfield,* 129 Wash. 134, 224 Pac. 559; *Hendelman v. Kahan,* 50 Wash. 247, 97 Pac. 109; *State v. Dalton,* 43 Wash. 278, 86 Pac. 590; *State v. Mann,* 39 Wash. 144, 81 Pac. 561; *Griffith v. Ridpath,* 38 Wash. 540, 80 Pac. 820.