# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1921

---

THE STATE, DEFENDANT IN ERROR, v. GEORGE CLAY-MONST, PLAINTIFF IN ERROR.

Submitted March 17, 1921—Decided June 13, 1921.

1. An identifying statement made by a person upon whom a criminal act has been committed is not of itself evidential against the alleged criminal. To have probative force it must not only be made in his presence but his reply thereto, if he made one, or his silence, if he stood mute, must amount to an admission of its truth.
2. A fact material to the issue is provable by any person having knowledge thereof.
3. Testimony is relevant when the fact to which it is applied is so related to another (and material) fact that, according to the common course of events, the existence of the former fact proves or renders probable the existence of the latter. Hence, the condition of a street light at two o'clock in the morning, in the absence of any proof of the existence of abnormal conditions with relation to it, is some evidence of its condition a few hours earlier on the same night.
4. In order to justify a reversal for error of law committed by the trial court, it must appear that the error was harmful to the party complaining thereof.

On error to the Essex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the plaintiff in error, *Frank M. McDermil.*

For the state, *J. Henry Harrison,* prosecutor of the pleas, and *Wilbur A. Mott,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The defendant was indicted and convicted of the crime of carnal abuse committed upon the body of one Mary Jacieko, a little child four years of age, at about ten o'clock in the evening of June 30th, 1920.

The first ground upon which we are asked to reverse this conviction is that the trial court improperly permitted the state to prove by a number of witnesses that on the day after the commission of the assault, and while this little child was in the city hospital, the defendant, in company with several other men, was taken to her bedside, and that she then and there identified him as the man who had committed the assault upon her.    The pith of the contention is that, as the child was too young to understand the sanctity of an oath, and had already been excluded by the court as a witness for that reason, her statement identifying the defendant should therefore have been excluded.    It is the universal experience that little children long before they are old enough to appreciate the obligation of an oath can readily identify persons with whom they are brought in contact.    A little child not only learns to know her parents and those with whom she lives, but also her playmates and others with whom she is brought into more or less close association.    This being so, the reliability of the identification naturally depends upon the conditions which operate upon the child's mind in making it.    But, although the ground upon which the exception is rested is unsubstantial, it is to be remembered that an identifying state-

ment made by a person upon whom a criminal act has been committed is not of itself evidential against the alleged criminal. To be so it must not only be made in his presence but it must also be considered in connection with his reply thereto, if he made one, or with his silence, if he stood mute. In the present case the witnesses, or some of them, who were called by the state to prove the identification, testified that he said nothing whatever when pointed out by the little girl as the person who had committed the assault upon her. There was nothing in the then surrounding circumstances, so far as the case discloses, which rendered a reply to the charge inexpedient or improper or which suggested a belief on his part that his security would be better promoted by silence than by a response to the charge. As was said in *Donnelly* v. *State*, 26 N. J. L. 601, 613: "When a matter is stated in the hearing of one, which injuriously affects his rights, and he understands it, and assents to it, wholly or in part, by a reply, both are admissible in evidence; the answer, because it is the act of the party, * * * and the statement, as giving point and meaning to the action. So, also, silence, unless it be accounted for * * * by some sufficient reasons, may be taken as a tacit admission of the fact stated; because a person, knowing the truth or falsity of a statement affecting his rights, made by another in his presence, under circumstances calling for a reply, will naturally deny it, if he be at liberty so to do, if he does not intend to admit it. * * * The influence which such testimony should have upon the minds of jurors is a different question from its legal admissibility. All the circumstances of time and occasion should be considered by them when estimating the value of the implied admission."

The next ground upon which plaintiff in error seeks a reversal is that the trial court improperly admitted in evidence the testimony of Officer Chenoweth as to the distance between the home of this little girl and the place where she was found after the assault was committed upon her. It is not denied that the fact sought to be proved was a material one, but it is contended that the testimony was illegal because it was evidence of a collateral transaction, and, "therefore, was contrary

to the doctrine of *res inter alios acta.*" The statement of the ground of objection is itself a refutation of its soundness. It is elementary law that a fact material to the issue is provable by any person who has knowledge thereof.

It is also argued that it was improper to permit this same witness to testify that some four hours after this little girl was assaulted he visited the location where she was found, and that it was then brightly illuminated by an electric arc light. The condition of the location, as to light, at the time the little girl was found, was an important fact in the case, for the reason that the parties who discovered her testified that they saw a man running away from the scene, and they afterward identified the defendant as the person whom they then saw. The validity of the testimony is challenged upon the ground "that it was not germane as to how the place was with relation to light at the time the little girl was found." We cannot concur in this view. The general rule is that testimony is relevant when the fact to which it is applied is so related to another (and material) fact that, according to the common course of events, the existence of the former fact proves or renders probable the existence of the latter. *Fishman* v. *Consumers Brewing Co.,* 78 *N. J. L.* 300. The condition of a street light at two o'clock in the morning, in the absence of any proof of the existence of abnormal conditions with relation to it, is some evidence of its condition a few hours earlier on the same night.

The next ground of reversal is that the court improperly permitted this same witness to testify that at an interview which he had with one Mary Yaraminies (a witness produced by the defendant, and the keeper of a lodging-house where he was living) concerning the presence or absence of the defendant from the house on the evening of June 30th, her daughter came into the room and said, "Why, mother, I looked into his room [referring to the defendant] and he was not there." The argument is that the testimony should have been excluded because the defendant was not present at the time of the interview, and the daughter's statement, therefore, was not evidential against him. This is true, but the testimony was,

nevertheless, competent for the purpose of affecting the credibility of the witness Yaraminies, for she had already been asked on her cross-examination whether her daughter had not, in the presence of Officer Chenoweth and of some other police officers, made this specific statement to her and she had expressly denied it. *McBlain* v. *Edgar,* 65 *N. J. L.* 634; *State* v. *Brady,* 71 *Id.* 360.

The last ground upon which the validity of this conviction is attacked deals with what the court said in its charge to the jury with relation to the consideration to be given by that body to what the little girl said in identifying the defendant as the person who assaulted her. It is not necessary to quote at length the somewhat voluminous instruction complained of. It is enough to say in disposing of the contention that if there was legal error in this part of the charge, the error was beneficial to the defendant and harmful to the state; and this being so, the defendant cannot successfully attack the instruction. In order to justify a reversal for error of law committed by the trial court, it must appear that the error was harmful to the defendant.

The conviction will be affirmed.