**Edward MACK, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 2317, 2318.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 19, 1959.

Decided April 14, 1959.

John McDaniel, Washington, D. C., for
appellant.

William J. Cooney, Asst. U. S. Atty.,
Washington, D. C., with whom Oliver
Gasch, U. S. Atty., and Carl W. Belcher,
Asst. U. S. Atty., Washington, D. C., were
on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

These are appeals from convictions of
assault and petit larceny. The complaining
witness testified that late in the evening as
he was proceeding along L Street on his
way home, he was stopped by the defendant
(whom he had never seen before) at the
corner of Third and L Streets; that Mack
engaged him in a short conversation and
then struck him in the eye and two "young-
sters" who accompanied the defendant then
ran their hands in complaining witness'
pocket and seized and carried away his wal-
let containing $2; that complaining witness
then proceeded along L Street, intending to
go to No. 2 precinct, when Mack again ap-

proached him and this time struck him in the mouth; that he then turned up Fourth Street (as though he were not going to the precinct) but did eventually arrive at the precinct about fifteen minutes after the second assault; that while he was at the precinct reporting the incident to a detective, the defendant came into the precinct with two or three other persons for the purpose of obtaining the release of a friend of theirs; that he identified to the detective the defendant who was then arrested. The defense was a claim of mistaken identity; the defendant testified that he had never seen complaining witness before the occasion at the precinct.

The main question on this appeal relates to certain testimony regarding what occurred at the precinct. On direct examination complaining witness testified that he was talking to the detective in the precinct when the defendant came in. He was then asked: "Did you say anything in regard to this assault to Mr. Mack [the defendant] at that time," to which he replied: "No, I only explained what happened to the detective." However, on cross-examination he was asked: "Now, when you accused the defendant—when the defendant came into the precinct you accused him of being the one that hit you," and to this his reply was: "That is right."

The detective testified that he was talking to the complaining witness in the precinct when the defendant and three others walked in; that at that time the complaining witness identified the defendant as one of the men who had robbed him and as a result he placed the defendant under arrest.

No objection was made to the testimony regarding identification, but on cross-examination of complaining witness, and after he had admitted that he accused defendant of being the one that robbed him, he was asked: "Isn't it a fact he denied it right there?" The Government objected to this question. Counsel for defendant stated that his position was that when an accusation is made in front of a defendant, he has the right to say that he immediately denied the accusation. The court sustained the objection and would not permit the question.

When the detective testified that complaining witness identified someone to him in the precinct, the objection was made that his testimony regarding that would be hearsay. The objection was overruled and the detective was permitted to state that complaining witness identified the defendant as one of the men who had robbed him. Defendant's counsel then sought to ask the detective whether the defendant denied the accusation. On objection the question was not permitted.

 The main complaint here is that it was error not to permit complaining witness and the detective to be asked whether defendant denied the accusation.

If the identification be considered simply an accusatory statement, then undoubtedly the questions sought to be asked on cross-examination were proper because the rule in this jurisdiction, as stated in Skiskowski v. United States, 81 U.S.App.D.C. 274, 279, 158 F.2d 177, 182, certiorari denied 330 U. S. 822, 67 S.Ct. 769, 91 L.Ed. 1273, is:

"Where the accusatory statement is unequivocally denied by the accused it is not admissible against him."

Since an accusatory statement is admissible only when the defendant fails to deny it under circumstances calling for a denial,[1] it was clearly the right of defendant to show that he immediately denied the accusation when made at the precinct.

The testimony concerning the occurrence at the precinct may, however, be viewed not as relating to accusatory statements but as evidence of a prior identification, to bolster or corroborate the complaining witness' identification at trial.

1. Kelley v. United States, 99 U.S.App.D.C. 13, 236 F.2d 746.

■ There is much diversity of opinion regarding the admissibility of prior or extrajudicial identification when the identity of the accused is in issue. No case has been found in this jurisdiction on the subject. We, however, think that the better rule is that urged by Wigmore, § 1130 (3d ed. 1940), where he says:

"To corroborate the witness, therefore, it is entirely proper * * * to prove that *at a former time*, when the suggestions of others could not have intervened to create a fancied recognition in the witness' mind he recognized and declared the present accused to be the person."

This rule has been followed in a number of jurisdictions. In United States v. Forzano, 2 Cir., 190 F.2d 687, 689, it was said:

"Identification of the accused is frequently dubious and when made in open court sometimes has little testimonial value so that corroboration would seem to be properly allowed."

In Basoff v. State, 208 Md. 643, 119 A.2d 917, 921, it was said:

"We think it is evident that an identification of an accused made by a witness for the first time in the courtroom may often be of little testimonial force, as the witness may have had opportunities to see the accused and to have heard him referred to by a certain name; whereas a prior identification, considered in connection with the circumstances surrounding its making, serves to aid the court in determining the trustworthiness of the identification made in the courtroom."

See also Bolling v. United States, 4 Cir., 18 F.2d 863; State v. Frost, 105 Conn. 326, 135 A. 446; Commonwealth v. Locke, 335 Mass. 106, 138 N.E.2d 359; State v. Wilson, 38 Wash.2d 593, 231 P.2d 288, certiorari denied 343 U.S. 950, 72 S.Ct. 1044, 96 L. Ed. 1352; Judy v. State, 218 Md. 168, 146 A.2d 29.

What effect, if any, does a defendant's immediate denial of the identification have upon the admissibility of the identification? Little discussion of this has been found in the cases examined. In some of the cases there could be no denial, for example, in those cases where the prior identification is of a photograph, or where the identification is made in a police line-up, and other instances where the defendant does not hear the accusation and therefore has no occasion to deny it. A few cases seem to place admissibility of the identification on the same ground as that respecting accusatory statements, that is, making the identification admissible only when not denied by the defendant. For example, see People v. Braverman, 340 Ill. 525, 173 N.E. 55, 58; State v. Claymonst, 96 N.J.L. 1, 114 A. 155.

■ Wigmore argues that the principle admitting prior identification is entirely separate and distinct from the rule regarding admission of accusatory statements. In Section 1130 he says:

"Of course, the *accused's silence* when confronted with a victim who expresses recognition, may be receivable as an implied admission by assent to the witness' accusation * * *, and some of the Courts passing upon such evidence have been satisfied to invoke that principle; but its limitations are inapplicable to the present principle, which should be given full standing in its own right."

It appears to us that Wigmore's position is correct and that the testimony of the complaining witness as to identification in the precinct was properly received, as well as that of the detective regarding the identification. In this connection, it must be remembered that the detective's testimony was merely as to the fact that the complaining witness did make the prior identification.

There remains the question whether the defendant should have been permitted on

cross-examination of the complaining witness and the detective to bring out the fact, if such was the fact, that the defendant upon being identified immediately denied the accusation.

We have found no case dealing precisely with this question. However, it would seem that if the Government is permitted to corroborate the complaining witness' identification in court by showing prior identification, then the defendant should be allowed to corroborate his denial in court by showing that he promptly denied the prior accusation. Otherwise a jury might assume that he did not deny it and that by his silence he admitted the prior identification. Our conclusion is that the trial court was in error in denying the right of defendant to cross-examine the two Government witnesses regarding his denial of the identification at the precinct.

The Government argues here that if it was error it was harmless error because when the defendant took the stand he testified that when he was identified at the precinct, he there stated that he had never seen the complaining witness until that moment. We do not believe that defendant's denial on the stand fully protected his rights. A jury might disbelieve his denial standing alone whereas it might have given greater weight to his denial if it had been shown by the Government witnesses that this same denial was given when first identified at the precinct.

Reversed with instructions to grant a new trial.