[Nos. 39745, 40189.   Department One.   October 9, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID GRANT et al., *Appellants.**

*Reported in 459 P.2d 639.

*Benjamin N. Brunner* and *George F. Velikanje,* for appellants (appointed counsel for appeal).

*Lincoln E. Shropshire* and *Patrick H. Olwell,* for respondent.

*Sammy Phillips* and *David Grant,* pro se.

HILL, J.—Pity the good Samaritan! James Hyneman breakfasted at Stockmen's Cafe in Yakima at about 3:30 a.m. on March 16, 1967, and then gave Margaret Stewart a ride to her home in southeast Yakima. His conveyance was a ¾-ton flatbed truck with a camper on the back. It was close to 4 a.m. when she directed him where to stop. After she alighted and disappeared behind the truck, two men suddenly appeared, one at each door. The one on the left had a gun and threatened to shoot Mr. Hyneman. They forced him out of his truck, took his watch, wallet, and the money and change out of his pocket. He was then directed to walk toward a vacant lot. While walking, he heard the sound of running footsteps, and turned in time to see the two men running to a car in which they drove away.

Mr. Hyneman reported the robbery to the police. He later identified two men in a police lineup as the robbers.

The men so identified are the appellants here, Sammy Phillips and David Grant.

At the trial, in addition to the testimony of Mr. Hyneman, the state presented that of Linda Richards and Charles Weaver who testified that they and appellant Grant were passengers in a car driven by appellant Phillips, which car followed the truck in which Margaret Stewart and Mr. Hyneman drove away from the cafe. Richards and Weaver testified further that, after the truck stopped, the appellants left the car and Margaret Stewart got into it. A short time later the appellants returned to the car bringing with them a watch and a wallet containing money. Thereafter the witnesses, Weaver and Richards, and the appellants, Phillips and Grant, accompanied by Margaret Stewart, drove to Vancouver, Washington.

Appellant Sammy Phillips testified that only he and appellant David Grant (who did not tesify) drove to Vancouver, Washington, to see appellant Grant's sister, and arrived there about 2:30 to 3 a.m., March 16th. The time at which they left Yakima was fixed at 11:15 p.m. on March 15th. This was corroborated by the sister who testified that Phillips and Grant and no one else arrived at the place where she was staying in Vancouver between 1:30 and 2:30 a.m. on March 16th. This testimony, if believed, established an alibi.

Margaret Stewart (who was also charged with the Hyneman robbery, but was tried separately) testified the appellants were asked to leave the Stockmen's Cafe at about 10 p.m. on March 15, and she did not see them from that time until 11 a.m. the next day, March 16. This was consistent with the alibi testimony.

The jury obviously accepted the testimony of Hyneman, Weaver and Richards, and found appellants Phillips and Grant guilty of robbery.

The contentions on the appeal from the robbery conviction border on the frivolous, and can be disposed of summarily:

■ 1. Error was claimed in that the information charged a taking "in the presence of James Hyneman," and

the evidence was that the taking was "from the person of James Hyneman."

Answer: RCW 9.75.010 defines robbery as "the unlawful taking of personal property from the person of another, or in his presence . . ."

While personal property may be taken from the victim's presence without being taken from his person, it cannot be taken from his person without being taken in his presence. The evidence was sufficient to prove the offense as charged.

■ 2. Error was claimed in the admission of evidence that the appellants were identified in a police lineup without a showing that they had waived the right to have counsel present during the lineup; and that this denied them the effective assistance of counsel.

Answer: The rule that a defendant is entitled to the presence of counsel at such a lineup was first promulgated on June 12, 1967. (*United States v. Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967); *Gilbert v. California*, 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967)). On the same day in *Stovall v. Denno*, 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967), it was held that the rule announced in *Wade* and *Gilbert* was to be applied prospectively only.

The present case was tried on May 2, 1967, and the lineup occurred prior to that date. This court held in *State v. Smith*, 74 Wn.2d 744, 446 P.2d 571 (1968) that *Wade* and *Gilbert* would not apply to lineups held before June 12, 1967.

■ 3. Error was claimed in permitting the state to impeach the testimony of witness Margaret Stewart by showing a prior inconsistent statement by her after she had requested and been denied counsel.

Answer: Conceding, for present purposes, that a statement so made could not be used against her on her trial as a defendant, but having testified as a witness for the appellants at their trial, she was subject like any other witness to impeachment on the basis of prior contradictory statements. *State v. Johnson*, 53 Wn.2d 666, 335 P.2d 809 (1959).

4. Error was claimed in allowing a deputy sheriff to testify when he had been present in the courtroom during the preceding testimony although an order excluding witnesses had been made by the trial court.

Answer: The witness, Deputy Sheriff Robert Langdale, was called to testify as part of the state's case in chief. On objection by the defense that he had been in the courtroom during the trial, the deputy prosecutor trying the case pointed out that the prosecution was customarily permitted to have one officer in the courtroom as an assistant. The defense pressed the objection noting that the prosecution had Kenneth Raber,[1] an investigator for the prosecutor's office, as well as another deputy prosecutor rendering assistance during the trial. To this the trial court said, "This is true. The record will so show." It should be noted that Langdale had been listed as a witness by the state, and no objection had been made to his presence in the courtroom prior to his being called as a witness.

The trial court, being fully aware of all the circumstances, permitted the witness Langdale to testify. We see no prejudicial error. It is within the discretion of the trial court to include certain witnesses and to exempt others in an exclusionary order. We will not interfere with that discretion except in case of its manifest abuse.[2] *State v. Weaver*, 60 Wn.2d 87, 90, 371 P.2d 1006 (1962); *State v. Whitfield*, 129 Wash. 134, 140, 224 P. 559 (1924).

5. It is urged in the pro se brief that the appellants did not receive the benefit of effective counsel.

Answer: The record itself is the complete answer. It shows a competent and vigorous defense. What appellants ask is not competence, but an ability to do the miraculous.

We come now to the consideration of David Grant's ap-

---

[1] Raber was called as a witness for the state in rebuttal. Langdale was also recalled as a witness in rebuttal.

[2] This is not to be construed as carte blanche for prosecutors keeping investigative witnesses as assistants in cases where the witnesses are excluded. It is our view, generally speaking, that two are too many; in short, one is enough.

peal from the judgment based on the jury's verdict that he was an habitual criminal.

In support of the habitual criminal charge, in addition to the judgment of conviction in the present case, there was an unchallenged conviction of second-degree assault in 1962.

The appellant's claim is that the second prior felony conviction required by the habitual criminal statute, RCW 9.92.090, was not established. It is conceded that the appellant was convicted of the crime of escaping from custody and was sentenced on December 4, 1964 to the Washington State Reformatory for a period of not more than 10 years.

■ Briefly stated, appellant's argument is that escape from custody may be a misdemeanor or a felony, dependent on the offense for which he was being held at the time of the escape, *i.e.*, if he was in custody for a misdemeanor or a gross misdemeanor, an escape is a misdemeanor, but if he was in custody for a felony, then escape is a felony. RCW 9.13.010. Appellant urges that there is nothing to establish that he was being held for a felony when he escaped.[3] The state's reply is that the judgment and sentence shows he was sentenced to the state reformatory for 10 years for the

---

[3]The appellant Grant offered to prove that on November 22, 1963, he was paroled from the reformatory where he had been serving the sentence imposed on a second-degree assault charge.

October 6, 1964, he was found guilty in Spokane Police Court of a driving violation which was a misdemeanor. He was placed in the Spokane city jail to serve out a $48 fine and costs. He was due to be released on October 22, 1964, or sooner if he paid the fine and court costs.

October 6, appellant's parole officer placed an oral detainer on him with the Spokane police. (There is confusion as to whether a written detainer was served upon the appellant.) The oral detainer was to hold the appellant in custody pending a determination by the Board of Prison Terms and Paroles as to whether appellant's parole should be revoked. This was pursuant to RCW 9.95.120.

The Board determined on a revocation, October 26, 1964. Such a revocation must, however, be reduced to writing and served upon the parolee. It was not so served upon the defendant prior to the time the defendant effected his escape from the Spokane city jail, November 4, 1964. (Adding our own comment to the offer of proof, it would appear that at the time of his escape appellant was being held in the Spokane city jail on the basis of an oral detainer by his parole officer for violation of his parole on the conviction for second-degree assault.)

crime of escape, and the sentence to the reformatory necessarily implied that the crime for which he was sentenced was a felony.

The judgment and sentence shows that it was entered on a plea of guilty to the charge of escape, and there has never been an appeal from the judgment or a direct attack upon it. The state urges that the present appeal presents a collateral attack upon that judgment and sentence.

We do not pass upon the question of whether a direct attack on the escape judgment based on the facts set forth in the offer of proof (as set forth in note 3) would be successful; but we are satisfied that appellant Grant should have had the opportunity of presenting his proffered proof.

Under these facts, we have an escape on November 4, 1964, from a custody based solely on an oral detainer placed by appellant Grant's parole officer on October 6, 1964.

Passing all questions of the validity of the claimed revocation of the parole by the Board of Prison Terms and Paroles, of which no notice was apparently ever given to Grant or the Spokane police, we have a person detained in custody subsequent to October 22, 1964 (when his time was completed on the traffic violation) until November 4, 1964 on an oral detainer based on a claimed parole violation.

There should have been a determination of the facts (as set forth in the offer of proof), and a determination if those were the facts, whether the custody from which Grant escaped constituted custody for a felony.

We therefore set aside the present sentence under which David Grant is being held and the judgment establishing his status as an habitual criminal, and remand the cause to the Superior Court for Yakima County for a reconsideration of whether the status of David Grant is that of an habitual criminal; and if that is his status, to resentence him as such; and, if that is not his status, to impose a new sentence based only on his conviction of robbery.

The judgment of conviction of the appellant Sammy Phillips and the sentence predicated thereon are affirmed.

HUNTER, C. J., HAMILTON and McGOVERN, JJ., and DONWORTH, J. Pro Tem., concur.