[Nos. 3030-1; 3386-1.    Division One.    July 21, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT S. BERGEN, *Appellant*.

ROBERT S. BERGEN, *Petitioner*, v. HAROLD B. BRADLEY, *Respondent*.

*Hunter, Gates & Patterson* and *Mark T. Patterson*, for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney*, and *David G. Metcalf, Deputy*, for respondent.

JAMES, J.—The defendant, Robert S. Bergen, was charged with the crimes of indecent liberties, contrary to RCW 9.79.080, and second-degree assault, contrary to RCW 9.11.020. The indecent liberties count alleged that, on November 7, 1973, Bergen took indecent liberties with a 13-year-old male. The second-degree assault count alleged that, on November 27, 1973, Bergen assaulted a 14-year-old male with a weapon likely to produce bodily harm. The State also filed a petition alleging Bergen's sexual psychopathy.

Bergen was found guilty of both charges.

Bergen was sentenced to 10 years' imprisonment for each felony. Execution of the sentence, however, was suspended and Bergen was committed to Western State Hospital for a 90-day observation period to determine sexual psychopathy. Following the commitment, the trial court found that Bergen was not a sexual psychopath, revoked the prior suspension, and ordered imposition of the two concurrent 10-year sentences.

Bergen now both petitions for a writ of habeas corpus and appeals from the convictions.

Bergen claims that the trial judge erred in allowing a police officer to testify that both of the victims made out-of-court identifications of certain items of clothing taken from Bergen's home.

During a search of Bergen's home, pursuant to a warrant, the police seized, among other items, one pair of sunglasses, two stocking caps, and a stocking ski mask. At trial, a police officer testified that the two victims had made out-of-court identifications of the items. Bergen objected to the testimony on the ground that the officer's testimony constituted inadmissible hearsay.

We agree that, insofar as the testimony inferred that the victims said that Bergen wore any of the items on the occasions of the offenses, it was hearsay. But our Supreme Court, in *State v. Simmons*, 63 Wn.2d 17, 20, 385 P.2d 389 (1963), quoting with approval from *Judy v. State*, 218 Md. 168, 146 A.2d 29 (1958), aligned itself with those

jurisdictions that, as an exception to the hearsay rule, admit evidence of extrajudicial identification " 'both as substantive and corroborative evidence.' " In *State v. Wilson*, 38 Wn.2d 593, 231 P.2d 288 (1951), the issue was whether the testimony of a police officer regarding an extrajudicial identification of the defendant made by another witness was admissible evidence. The court conceded that there is a marked division of authority concerning "the admissibility of evidence of extrajudicial identification in a trial in which the identity of the accused as the person guilty of a crime is in dispute," *State v. Wilson, supra* at 617, but the court firmly decided that:

> We prefer the reasoning of those courts which favor admissibility. . . .
> . . . we choose to align ourselves with those courts which hold that such identifications are admissible;
> . . .

*State v. Wilson, supra* at 617-18.

Bergen also assigns error to the admission into evidence of certain items of clothing.

The 13-year-old victim testified that his attacker wore a stocking cap ski mask. The 14-year-old victim testified that his attacker wore wire-rimmed sunglasses and a blue stocking cap. The two stocking caps, the ski mask, and the sunglasses seized from Bergen's home were offered into evidence, but only the two stocking caps and the ski mask were admitted. The sunglasses were ruled inadmissible due to the lack of a sufficiently specific identification.

Bergen contends that the caps and mask also should have been excluded, for the items were not sufficiently identified as those worn by the attacker. Bergen argues that the absence of a proper identification rendered the evidence inadmissible.

The trial judge has a wide latitude of discretion to determine the admissibility of demonstrative evidence, and an appellate court will not interfere with the discretion absent manifest abuse. *State v. Chapman*, 84 Wn.2d 373, 526

P.2d 64 (1974); *State v. Smith,* 74 Wn.2d 744, 446 P.2d 571 (1968).

Furthermore, a positive identification is not required. An identification of demonstrative evidence may be qualified and need not be made with complete certainty. Varying degrees of uncertainty do not affect admissibility. A qualified identification of an exhibit affects only the weight of the evidence. *State v. Smith, supra; State v. Jackson,* 1 Wn. App. 90, 459 P.2d 414 (1969).

The caps and mask were admitted into evidence only after the victims testified that the items were the same or about the same as those worn by their attacker. An adequate foundation was laid, and the evidence was properly admitted.

Bergen further contends that evidence of his prior convictions should have been excluded. In response to the prosecutor's cross-examination, Bergen admitted being convicted of the crime of indecent liberties on two prior occasions. One conviction was in 1947 and the other was in 1950. Bergen argues that the prejudice of showing the convictions for impeachment outweighs any relevancy to present veracity.

RCW 10.52.030 expressly provides that prior convictions of a witness may be shown in order to affect the weight of the testimony. Neither the remoteness in time nor the nature of the crimes prohibit the use of prior convictions to impeach the credibility of a witness. *State v. Robinson,* 75 Wn.2d 230, 450 P.2d 180 (1969); *State v. Hinton,* 12 Wn. App. 267, 529 P.2d 843 (1974). The trial judge did not err in admitting evidence of Bergen's prior convictions.

Bergen asserts that the prosecutor violated the trial judge's pretrial order excluding all witnesses from the courtroom and that the court erred in later admitting rebuttal testimony of the two victims.

During Bergen's testimony, the prosecutor asked the two complaining witnesses to return to the courtroom to hear Bergen's voice. Later, the two victims both testified in re-

buttal that Bergen's voice was the voice of their assailant.

■ The exclusion of witnesses from the courtroom is a matter within the discretion of the trial court, and any decision to exclude witnesses will not be disturbed absent a manifest abuse of discretion. *State v. Johnson*, 77 Wn.2d 423, 462 P.2d 933 (1969); *State v. Adams*, 76 Wn.2d 650, 458 P.2d 558 (1969). Specifically, the exemption of certain witnesses from the exclusion, *State v. Weaver*, 60 Wn.2d 87, 371 P.2d 1006 (1962), the decision regarding whether the later testimony of any witnesses allowed to remain in the courtroom will be admitted or excluded, *State v. Johnson*, *supra*, and even the determination concerning whether witnesses who violated an exclusionary rule and remained in the courtroom may testify, *State v. Grant*, 77 Wn.2d 47, 459 P.2d 639 (1969), *State v. Fairfax*, 42 Wn.2d 777, 258 P.2d 1212 (1953), are all questions within the broad discretion of the trial court.

■ Furthermore, the admission and determination concerning the propriety of rebuttal testimony is another matter resting entirely within the discretion of the trial court. *State v. White*, 74 Wn.2d 386, 444 P.2d 661 (1968); *State v. Bowen*, 12 Wn. App. 604, 531 P.2d 837 (1975).

The circumstances of the present case do not demonstrate a manifest abuse of discretion. The violation of the order excluding witnesses was not done in bad faith. The trial judge considered the violation immaterial, for the witnesses had previously testified, were allowed to remain in the courtroom after their presence was known, and were later permitted to testify in rebuttal solely concerning voice similarity. The necessary discretion of the trial court was not abused and, therefore, will not be disturbed on appeal.

Simultaneous to the appeal of the conviction, Bergen petitioned for a writ of habeas corpus. In the petition, Bergen asserts that the lower court erred in arbitrarily and capriciously revoking the suspension of his sentence.

The State filed a petition alleging that Bergen was a sexual psychopath. Following the jury verdict of guilty on

both felony counts, the court held a hearing and found reasonable grounds to believe that Bergen was a sexual psychopath. An order was entered committing Bergen to Western State Hospital for a 90-day observation period in order to determine sexual psychopathy. To facilitate an appeal, Bergen was sentenced to two concurrent 10-year terms of imprisonment. Imposition of the sentence, however, was suspended on the condition that Bergen comply with the order of commitment for observation. The sentence further provided that upon completion of the 90-day commitment, Bergen would be returned to the court for reconsideration of the sentence. Following commitment, the trial court found that Bergen was not a sexual psychopath, revoked the prior suspension of sentence, and ordered imposition of the terms of imprisonment.

Bergen contends that the revocation of the suspended sentence was without justification and, therefore, a denial of due process.

Revocation of probationary status is a determination that rests "almost exclusively with the trial judge." *State v. Riddell*, 75 Wn.2d 85, 87, 449 P.2d 97 (1968). Absent an arbitrary and capricious revocation, the decision of the trial judge will not be disturbed on appeal. *Blondheim v. State*, 84 Wn.2d 874, 529 P.2d 1096 (1975); *State v. Kuhn*, 81 Wn.2d 648, 503 P.2d 1061 (1972).

The record in the present case does not reveal any abuse of discretion. To the contrary, the procedures of the trial judge were in exact compliance with the mandates of RCW 71.06. A petition alleging Bergen's sexual psychopathy was filed in accordance with RCW 71.06.020. Following conviction on the criminal charge, judgment was pronounced and suspended as provided in RCW 71.06.030. Finally, after a commitment of 90 days for observation and a determination that Bergen was not a sexual psychopath, the trial court revoked the prior suspension of sentence and properly ordered execution of the sentence to imprisonment pursuant to RCW 71.06.060. *Accord, State ex rel. Schillberg v. Mor-*

*ris,* 85 Wn.2d 382,. 536 P.2d 1 (1975). The revocation was neither an arbitrary and capricious abuse of discretion nor a denial of due process.

The petition for a writ of habeas corpus is denied, and the judgment is affirmed.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied September 30, 1975.

Review denied by Supreme Court February 2, 1976.