[No. 1302-3.    Division Three.    October 30, 1975]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD MORRIS MONTA, *Appellant.*

*Donald W. Schacht,* for appellant.

*Arthur R. Eggers, Prosecuting Attorney,* and *Carl L. Johnson, Deputy,* for respondent.

GREEN, J.—This is an appeal from an order denying the defendant's application for post-conviction relief under CrR 7.7. We affirm.

On November 14, 1972, the defendant, Richard Monta, entered a plea of guilty to a charge of attempted rape. On the same date the prosecuting attorney filed a petition on behalf of the State of Washington, alleging that the defendant "appears to be a sexual psychopath and in need of treatment as such" and that he should "be dealt with according to the provisions of RCW 71.06." The court entered "Judgment and Sentence—Order Suspending Execution and Granting Probation" finding the defendant guilty and sentencing him to 10 years' imprisonment. It was further ordered that

the execution of said sentence be suspended, and the

defendant is hereby placed on probation for a period of 5 years on the following conditions:

. . .

5. Special conditions:
That Def. will participate in treatment at Western State Hospital for sexual psychopaths. *Final dispusition* [*sic*] *deferred to time of termination of treatment.*

(Italics ours.) The court also ruled favorably upon the State's petition and decreed that:

[T]here are reasonable grounds to believe that the defendant, RICHARD MORRIS MONTA, is a sexual psychopath, and that the defendant be and he is hereby ordered confined at Western State Hospital for observation as to the existence of sexual psychopath [*sic*], the said period of observation to be for a period of not to exceed 90 days.

On February 15, 1973, Western State Hospital by letter informed the sentencing judge that:

Mr. Monta *is not* a sexual psychopath, is not amenable to treatment, and would not benefit from further hospitalization, and *should not be* returned for treatment. They also agreed that Mr. Monta should be considered safe to be at large in terms of his predisposition to act out sexually.

Following this communication, defendant was brought before the sentencing judge with his attorney, where full opportunity was afforded to present any additional information desired, and an order was entered "vacating suspension of execution of sentence." The order reads:

THIS MATTER coming on for hearing according to RCW Chapter 71.06, to show cause why the suspension of execution of sentence entered heretofore on the 14th day of November, 1972, should not be vacated and the probation granted therein should not be withdrawn, and

IT APPEARING to the Court from the evidence presented at this hearing that the Defendant, Richard Morris Monta, has not satisfied the condition of probation,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the suspension of execution of the sentence of November 14, 1972, is hereby vacated and the probation granted therein is hereby withdrawn, . . .

The sole issue presented is whether the sentencing judge

in vacating the suspension of sentence was proceeding under RCW 71.06 or RCW 9.95.

The defendant contends that he understood the original sentence placed him on probation on condition that he undergo treatment at Western State Hospital; that he went to the hospital in compliance with the condition; that having complied with that condition, his probation should not have been revoked; and that the revocation hearing did not comply with the requirements of RCW 9.95.220 and .230 as interpreted. See *State v. Kuhn*, 81 Wn.2d 648, 503 P.2d 1061 (1972); *State v. Riddell*, 75 Wn.2d 85, 449 P.2d 97 (1968); *State ex. rel. Woodhouse v. Dore*, 69 Wn.2d 64, 416 P.2d 670 (1966); *State v. Leighty*, 5 Wn. App. 30, 485 P.2d 91 (1971); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972). We disagree.

Following the hearing upon the application for post-conviction relief, the trial court entered the following:

### FINDINGS OF FACT

1. That the sentencing judge, Albert N. Bradford, in entering his Judgment and Sentence and Order Suspending Execution and Granting Probation, dated November 14, 1972, was acting under the provisions of RCW 71.06, pertaining to sexual psychopaths. A special condition of his Order was that "final disposition deferred to time of termination of treatment". That on November 14, 1972, upon the petition of plaintiff and request and approval of defendant, the defendant was ordered confined to Western State Hospital for observation for 90 days as a possible sexual psychopath.

2. That in accordance with RCW 71.06.050 Western State Hospital, on February 21, 1973, reported to Judge Bradford that the defendant was not a sexual psychopath, was not amenable to treatment, would not benefit from further hospitalization, should not be returned for treatment and should be considered safe to be at large in terms of his predisposition to act out sexually.

3. That on February 21, 1973, with the defendant present with his attorney, after argument of counsel and consideration of the report from Western State Hospital,

and consideration of defendant's status as a parolee under other charges, Judge Bradford vacated the suspension granted by the Order of November 14, 1972, and ordered execution of the sentence. That this order was again entered pursuant to the provisions of RCW 71.06.060. It specifically stated that it was done pursuant to Chapter 71.06. The Order was entered with approval of defendant's attorney, after consultation with defendant.

### CONCLUSIONS OF LAW

1. That in all proceedings resulting in the Order of November 14, 1972 and February 21, 1973, the Court acted correctly and legally under the provisions of RCW 71.06.

2. That in criminal proceedings in which the provisions of RCW 71.06 have been utilized the granting of probation thereunder and the following proceedings to revoke the same are not controlled by the general rules pertaining to probation and the revocation thereof.

3. That upon the receipt of the report of the Superintendent of Western State Hospital, the judge was authorized to revoke the conditional probation and sentence the defendant in the proceedings conducted.

4. That none of the grounds for relief specified in Criminal Rule 7.7 (g) are present.

■■ Defendant's counsel at the sentencing proceedings testified during the hearing on defendant's petition for post-conviction relief that all parties understood the court was following procedures applicable to sexual psychopaths under RCW 71.06, rather than the probation procedures outlined in RCW 9.95. It is clear from the order confining defendant at Western State Hospital and the specific reference to RCW 71.06 in the order vacating suspension of execution of sentence that the sentencing judge intended final disposition on the judgment and sentence would await the report from Western State Hospital after the 90-day observation period. The choice of probationary language in the orders arose from the unfortunate use and adaptation of existing forms to the procedures of RCW 71.06. We find substantial evidence to support the trial court's findings

and they will not be disturbed. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

Moreover, the general procedure followed by the sentencing judge in this case was approved in *State v. Bergen*, 13 Wn. App. 974, 979, 538 P.2d 533 (1975).

The order denying post-conviction relief is affirmed.

McINTURFF, C.J., and MUNSON, J., concur.