No. 13682

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

———————————

THE STATE OF MONTANA,

                Plaintiff and Respondent,

    -vs-

JOSEPH E. BABELLA,

                Defendant and Appellant.

———————————

Appeal from:  District Court of the First Judicial District,
             Honorable Gordon R. Benett, Judge presiding.

Counsel of Record:

    For Appellant:

        Peter M. Meloy argued, Helena, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Charles A. Graveley argued, County Attorney, Helena,
        Montana

———————————

                    Submitted:  June 6, 1978

                    Decided:  JUL 1  1978

Filed:  JUL 1  1978

Thomas J. Kearney  Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment in the District Court, Lewis and Clark County, entered upon a jury verdict convicting defendant of the crime of obstructing justice, in violation of section 94-4-303(2)(a), R.C.M. 1947.

On October 2, 1976, the Lewis and Clark County Sheriff's Department received information that one Duffy Chevallier, wanted by police for the alleged commission of two felony offenses, was present at the residence at 2952 Flamingo Drive, Helena, Montana.

Two members of the Lewis and Clark County sheriff's auxillary, Harold Watson and Larry Heigh, approached the residence and knocked on the door. Deputy Watson was met at the door by Toni Mallary. Deputy Watson testified he identified himself as an officer and stated he had a warrant for the arrest of Chevallier. Toni Mallary indicated she had not seen Chevallier for a couple of weeks. Deputy Watson further testified that defendant, Joseph Babella, was inside the residence and approximately one foot away from him at the time he stated he was looking for and had a warrant for the arrest of Chevallier.

Both Toni Mallary and defendant denied seeing Chevallier. Subsequently, the officers, in checking the surrounding area, noticed Chevallier peeking out of a window in the residence. The officers called for assistance. Upon the arrival of Sheriff Rick Westlund and Lieutenant Richard Hammerbacker, a search of the trailer was conducted. At trial, Hammerbacker testified he also indicated to Toni Mallary and defendant that he had a warrant for the arrest

of Chevallier. However, neither offered information that Chevallier was, in fact, within the residence. During the search, Chevallier was discovered hiding under a couch in the living room.

Both Toni Mallary and defendant testified they were never informed, by the officers or otherwise, that there existed a warrant for the arrest of Chevallier, or that he was wanted by police.

Prior to trial defendant submitted a motion in limine seeking to prevent the introduction of evidence:

> "* * * of defendant's conviction of theft of a motor vehicle which occurred in the state of Michigan for the following reasons:
>
> "1. That at the time of the offense defendant was a juvenile and nearly ten years have passed;"

The District Court denied the motion, stating:

> "THE COURT: Okay. As to the Motion in Limine filed herein, the first part thereof, asking that any reference to the conviction of theft to a motor vehicle in the state of Michigan is denied to this extent. The County Attorney may ask a single question in regard to the record of the Defendant and that is, whether or not he has been previously convicted of a felony. He may not go further save and except in the event that Defendant's character is put in issue by the defendant himself. * * *"

Upon cross-examination of defendant by the State, defendant was asked whether he had ever been convicted of a felony. Defendant responded, "Yes, I have." Defendant, on this appeal, contests the propriety of his impeachment on the basis of a prior felony conviction, arguing that his motion in limine should have been granted.

On appeal, defendant raises the following issue:

Was it reversible error to admit evidence of defendant's prior felony conviction?

Defendant bases his contention of error on the grounds that (a) the prior felony conviction was too remote in time; (b) it occurred while he was a juvenile; and (c) the District Court failed to exercise its discretion as to whether to grant or deny the motion in limine.

The thrust of defendant's argument is that a conviction, remote in time and occurring while a defendant is a juvenile, should not be permitted to be used in the impeachment of a defendant. The sole mention in the record of the remoteness or juvenile nature of defendant's prior Michigan conviction appears in defendant's motion in limine, where the allegation is made that the prior conviction was almost ten years old at the time of trial, at which time defendant was a juvenile. Defendant submitted no proof to support these allegations.

While not before the District Court at the time of the denial of the motion, the presentence investigation indicates the particular conviction referred to by defendant was six years old at the time of trial and that defendant was tried and convicted as an adult, being 19 years of age at the time. Further, the report indicates that defendant was convicted of a felony in Montana in 1972, a mere four years prior to trial, at which time defendant was 21 years of age.

Clearly, if a defendant is making a motion to exclude evidence because of its potential prejudice and absence of probative value, he should be required to make some kind of showing to back it up. Thus, there is no issue of remoteness or of a juvenile conviction before this Court, as the facts do not support it.

Defendant first argues that a defendant's conviction too remote in time cannot be used to impeach his credibility at a subsequent trial.

-4-

It is settled law in Montana, prior to the effective date of the new Rules of Evidence, that evidence of a prior conviction established by examination of the witness or by record of judgment may be introduced for the purpose of impeaching that witness. Section 93-1901-11, R.C.M. 1947; State v. Gafford, (1977), ____ Mont. ____, 563 P.2d 1129, 34 St.Rep. 313; State v. Romero, (1973), 161 Mont. 333, 505 P.2d 1207; State v. Coloff, (1951), 125 Mont. 31, 231 P.2d 343. While there is no authority in Montana resolving the question of the effect of the remoteness of prior conviction on its probative value and potential for giving rise to prejudice, the facts show defendant 19 years of age and not a juvenile.

Defendant relies primarily upon an Illinois decision for the rule that admissibility of evidence of prior convictions is within the discretion of the trial judge only if a period of less than ten years had elapsed since the later of the date of conviction or the release of the witness from confinement; beyond ten years, the trial judge is without discretion to permit evidence of the prior conviction. People v. Montgomery, (1971), 47 Ill.2d 510, 268 N.E.2d 695.

Other jurisdictions, however, hold that regardless of the age of the prior conviction, the matter is within the sound discretion of the trial court. State v. Landrum, (1975), 25 Ariz.App. 446, 544 P.2d 270; Martin v. Commonwealth, (Ky. 1974), 507 S.W.2d 485; People v. Wingo, (1973), 34 Cal.App.3d 974, 110 Cal.Rptr. 448; Rascon v. State, (Tex. 1973), 496 S.W.2d 99. Yet other jurisdictions permit introduction of evidence of prior convictions regardless of their remoteness, holding the age of the conviction goes to the weight of the evidence, not its competence. Hall v. State,

(Ind. 1976), 339 N.E.2d 802; State v. Bergen, (1975), 13 Wash.App. 974, 538 P.2d 533; People v. Sinclair, 30 Mich.App. 473, 186 N.W.2d 767. The matter is one of discretion on the part of the trial judge, and we find no abuse of discretion.

Defendant further contends that a juvenile court judgment cannot be used to impeach the credibility of a witness, citing the general rule in this regard. 63 ALR3d 1112, §3; Rivas v. State, (Tex. 1973), 501 S.W.2d 918; Banas v. State, (1967), 34 Wis.2d 468, 149 N.W.2d 571, cert.den. 389 U.S. 962, 88 S.Ct. 346, 19 L Ed 2d 373; People v. Gomez, (1957), 152 Cal.App.2d 139, 313 P.2d 58. Here, however, defendant had a prior conviction in Montana when over the age of 21 years.

Defendant last argues that the trial judge, in denying the motion in limine, did so mechanically and without an exercise of discretion, contrary to the general rule referred to by Justice Shea in his dissent in State v. Gafford, supra. Defendant urges the conviction be reversed on this ground as well.

The record in this case is bare of facts tending to support defendant's argument. However, it is logical to presume that when a court is vested with discretionary power regarding determination of an evidentiary matter, a decision on the matter is an exercise of discretion. The question then becomes whether the court abused its discretion under the facts of the case. Defendant does not make this argument. We find no abuse of discretion.

The conviction is affirmed.

Justice

-6-

We Concur:

_____
Chief Justice

_____

_____
Justices