**Nathaniel A. RICE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 79–1089.**

District of Columbia Court of Appeals.

Argued March 19, 1981.

Decided June 24, 1981.

William J. Garber, Washington, D.C., appointed by this court, for appellant.

Ina L. Strichartz, Asst. U. S. Atty., Washington, D.C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, Michael W. Farrell and Paul L. Knight, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, KERN and HARRIS, Associate Judges.

1. D.C.Code 1973, § 22–2901.

**PER CURIAM:**

A jury convicted appellant of robbery,[1] specifically of pickpocketing, and the court imposed a sentence of six months imprisonment.

The government's evidence at trial consisted of testimony by a Mr. Palmer that, as he was preparing to alight from a Trailways bus in downtown Washington after an all-night ride from his home in Tennessee, a man wearing a long coat ran onto the bus and shoved against him so as to wedge him against another passenger. Mr. Palmer reacted by pushing the man away, who then ran off the bus. At that time the 80-year-old victim realized his wallet was no longer in his hip pocket.

Mr. Palmer, never losing sight of the man, then pursued him to a spot near the bus terminal and confronted him there. He accused him of taking the wallet and escorted him to security officers in the bus terminal. The man was searched and found to have money which, from its denomination, Mr. Palmer was able to identify as his own. Mr. Palmer was not asked to make an in-court identification.

There was testimony from an expert witness on the *modus operandi* of pickpockets that permitted an inference that the actions of the man who jostled Mr. Palmer were those of a man picking pockets. There was evidence that the victim's wallet was deposited in the mailbox at a point near the terminal where Mr. Palmer confronted appellant.

Also, a police officer testified that he arrived on the scene and heard the story of the victim. Over defense objection, he also testified to witnessing Mr. Palmer's identification of the man in the custody of the security officers at the terminal as "the bugger that took my wallet." Thereupon, the officer identified appellant in the courtroom as the man whom the victim pointed out at the scene of the crime as the thief. Appellant attacks the court's admission into evidence of the officer's testimony concerning the victim's pretrial identification as follows:

It would seem that if a witness [Mr. Palmer] is never asked to make an in-court identification of the accused on trial and there is no evidence one way or the other whether the witness can, then there is nothing to corroborate in the way of identification and the extra-judicial identification evidence is hearsay.

It may very well have been that the prosecutor just forgot to ask the question. However, appellant could not be expected to fill the gap by cross-examining the complainant [Mr. Palmer] about an identification in court, he was never asked to make. [Appellant's Brief at 11–12.]

This court has considered the admissibility *vel non* at trial of an extra-judicial identification made prior to trial in various situations. In *Mack v. United States*, D.C.Mun. App., 150 A.2d 477 (1959), we held that the trial court correctly permitted a robbery victim not only to identify the defendant in court but also to testify concerning the pretrial identification he made of the defendant.

In *Morris v. United States*, D.C.App., 389 A.2d 1346 (1978), we approved the admissibility into evidence at trial of a victim's pretrial description testified to by both the victim and police officers. We noted (at 1350) the "trend developed to admit such evidence ... for the purpose of *independent evidence of identity* as long as the identifier was available for cross-examination at trial." (Emphasis added.) We referred in this opinion to the Supreme Court's decision in *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and the so-called California rule enunciated in *People v. Gould*, 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865 (1960).[2]

Justice Traynor stated for the California Supreme Court:

Evidence of an extra-judicial identification is admissible, not only to corroborate an identification made at trial, ... but as independent evidence of identity. Unlike other testimony that cannot be corroborated by proof of prior consistent statements unless it is first impeached, ... evidence of an extra-judicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind.... The failure of the witness to repeat the extra-judicial identification in court does not destroy its probative value, for such failure may be explained by loss of memory or other circumstances. The extra-judicial identification tends to connect the defendant with the crime, and the principal danger of admitting hearsay evidence is not present since the witness is available at trial for cross examination. [*Id.* at 626, 7 Cal.Rptr. at 275, 354 P.2d at 867; citations omitted.]

In *Wilkerson v. United States*, D.C.App., 427 A.2d 923 (1981), neither the victim nor an eyewitness identified the defendant in court during trial as the person who had raped the complainant. However, evidence was admitted that both witnesses had, prior to trial, identified on the scene the defendant as the rapist. We upheld in that case the trial court's ruling.

We conclude under the circumstances here, *viz.*, the presence at trial of the victim and his availability for cross-examination, that the trial court correctly admitted the testimony of the officer as to the victim's pretrial out-of-court identification of appellant as the man who stole his wallet.

Our decision in *In re L.D.O.*, D.C.App., 400 A.2d 1055 (1979), is inapposite to the instant case because, as we pointed out in *Wilkerson, supra*, at 927, our holding there rests upon the fact that the complainant *disavowed at trial* his pretrial out-of-court identification of the defendant. Under these particular circumstances, there was no basis for permitting the testimony at trial of his pretrial identification.

2. In *Gould*, the victim was unable to make an in-court identification of the defendant as the burglar but prior to trial had identified him to a police officer on the scene of the crime.

**584**

Otherwise, we are of opinion that appellant's contentions are without merit and we affirm the judgment of conviction.[3]

*So ordered.*

---

**3.** Given the trial court's careful consideration of appellant's other contentions, raised by pre-trial and post-trial motions, and our view that the trial court's determination of these contentions was correct, we need not set them forth again on this appeal.