**Bee Jay HARLEY, a/k/a B.J. Harley, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 82–818.

District of Columbia Court of Appeals.

Submitted Nov. 9, 1983.

Decided Feb. 2, 1984.

Michael Alan Olshonsky, Bethesda, Md., appointed by this court, was on brief for appellant.

with such conduct by a party over whom it already has jurisdiction.

Colleen M. Kennedy, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty. at the time the brief was filed, Michael W. Farrell, Helen M. Bollwerk and Craig N. Moore, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before NEWMAN, Chief Judge, ROGERS, Associate Judge, and GALLAGHER, Associate Judge, Retired.

GALLAGHER, Associate Judge, Retired:

A jury convicted appellant of assault with intent to commit robbery while armed in violation of D.C.Code §§ 22–501, –3202 (1981). On appeal, appellant contends that the trial court committed reversible error by admitting hearsay testimony into evidence. We perceive no error by the court below and accordingly affirm appellant's conviction.

On August 11, 1981, shortly before 10:00 p.m., the complainant, Paula Cornett, drove a friend to Union Station. After seeing her friend to the train, Cornett walked back to her car. As she approached the area where her car was parked, she noticed a man she later identified as appellant, walking approximately 100 feet in front of her. Cornett continued toward her car and started the engine. As she was about to pull out of the parking space, she heard a loud metal tapping on the driver's side window. The complainant turned toward the window and saw appellant hunched forward, holding a gun in his outstretched hands. Appellant ordered her to give him her money. Cornett removed her wallet from her purse and held it up to the window. Before appellant was actually able to take the wallet, complainant managed to quickly drive away from the scene.

Cornett drove out into the street and around the corner, where she encountered a police car. Complainant told the officers that an armed man had just attempted to rob her at Union Station. She got into the car with the officers and drove back to Union Station with them. Based upon her description of the assailant, the police put out a radio bulletin for an armed robbery suspect. Working from this radio description, an on-duty United States Capitol police officer, Ray Folks, apprehended appellant in a portable lavatory located on a construction site on the grounds of Union Station. Shortly thereafter, Cornett arrived and identified appellant as the man who had attempted to rob her at gunpoint earlier that evening.

At trial, complainant Cornett testified that two days after the evening in question, Officer Folks showed her a handgun. She testified that at that time she told Folks that it closely resembled the gun used by her assailant. Cornett also made an in-court identification of the handgun recovered by Officer Folks. The government then called Officer Folks as a witness. On direct examination, Folks testified that, on the day following the attempted robbery, he located a handgun hidden under a trailer at a Union Station construction site, approximately thirteen feet from the portable lavatory where appellant was apprehended. The prosecutor, over defense objection, then proceeded to elicit from the witness Cornett's out-of-court identification of the handgun.

Appellant attacks the court's admission into evidence of Officer Folks' testimony which recounted complainant's pre-trial identification of the handgun. Appellant claims that this testimony was inadmissible hearsay evidence. We do not agree.

 Hearsay evidence is defined as "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of the matter asserted therein, and thus resting for its value upon the credibility of the out of court asserter." *Morris v. United States,* 389 A.2d 1346, 1349 (D.C. 1978), quoting C. McCormick, Evidence § 246 at 584 (2d ed. 1972); *see also* Fed.R. Evid. 801(c). Traditionally, hearsay testimony has been excluded at trial because it fails to satisfy one of the three primary requisites to the admissibility of evidence:

(1) the declarant is under oath, (2) the declarant is personally present at trial, and (3) the declarant is available for cross-examination in order to test his accuracy and credibility. Strahorn, *A Reconsideration of the Hearsay Rule and Admissions,* 85 U.Pa.L. Rev. 484 (1937). In certain situations, however, where the circumstances surrounding the out-of-court statement satisfy a requisite level of reliability and trustworthiness, the testimony is admissible despite the fact that it otherwise falls within the definition of hearsay.

■ For instance, extrajudicial identification of an accused may be introduced as evidence through the testimony of either the identifier himself, or by a third party who was present at the prior identification, *Morris v. United States, supra,* 389 A.2d at 1350, to corroborate the victim's in-court identification, *Mack v. United States,* 150 A.2d 477 (D.C.1959), or to rebut a charge of recent fabrication by the identifier. *Reed v. United States,* 452 A.2d 1173, 1180 (D.C. 1982). In some jurisdictions, including our own, extrajudicial identification testimony is admissible as independent substantive evidence of identity as long as the out-of-court declarant is available for cross-examination at trial. *Warren v. United States,* 436 A.2d 821, 837 (D.C.1981); *Morris v. United States,* 398 A.2d 333 (D.C.1978). In *Morris, supra,* 398 A.2d at 1346, we approved the admission of a victim's pre-trial description of a defendant through the victim's testimony, as well as through the testimony of a police officer. More recently, we have held it to be permissible to introduce the testimony of a police officer which merely repeated the victim's extrajudicial identification of the accused. *Rice v. United States,* 437 A.2d 582 (D.C.1981). In holding that such testimony was admissible, this court reasoned that hearsay dangers were not present since the declarant testified at trial and was available for cross-examination. *Id.*

■ While this court has not had the occasion to extend the same logic to the admissibility of pre-trial identification of physical objects, we do not consider such statements to be significantly different from an out-of-court identification of individuals.[1] It is for this reason that the rationale for the admission of out-of-court identification of individuals should also apply to the admission of extrajudicial identification of physical evidence. We believe that the admissibility of out-of-court statements should be determined not necessarily by the subject matter of the identification, but rather by traditional notions of reliability and trustworthiness. Other jurisdictions have held extrajudicial identifications of physical evidence to be admissible through the testimony of third parties. *See People v. Gan,* 75 Ill.App.3d 72, 31 Ill.Dec. 409, 394 N.E.2d 611 (1979), which held that the hearsay rule did not apply to a police officer's testimony which only recounted the out-of-court identification of stolen merchandise by a declarant who testified in court and was subject to cross-examination. *See also State v. Bergen,* 13 Wash.App. 974, 538 P.2d 533 (1975).

In this case, complainant's pre-trial identification of the handgun was admitted at trial through the testimony of the complainant herself, and in addition, through the testimony of Officer Folks. Complainant, the out-of-court declarant, testified at trial that the handgun recovered by Officer Folks was similar in size, shape and color to the one used by appellant. Her testimony was then subjected to extensive cross-examination by defense counsel. Following complainant's testimony and cross-examination, Officer Folks took the stand and related complainant's out-of-court identification of

---

1. In *Tribble v. United States,* 447 A.2d 766, 775 n. 6 (D.C.1982), this court upheld the admissibility of testimony from a police officer concerning his telephone conversation with another government witness in which that witness told him the serial number of a handgun sold by defendant to a third party. The court reasoned that the testimony was proper since it was "extremely reliable evidence such as that constituting extrajudicial identification evidence which is admissible as substantive evidence."

the handgun. His testimony contributed nothing new to the government's case. Rather, it corroborated the evidence already adduced from the complainant by the prosecutor. It is this testimony which is under attack.

The rationale behind the exclusion of hearsay evidence is that the testimony is inherently unreliable because the declarant is unavailable for cross-examination and cannot be observed by the trier of fact, but that logic is inapplicable where the individual who actually made the identification testifies at trial and can be cross-examined. In such a case, defense counsel has the opportunity to expose "every element that may carry a danger of misleading the trier of fact both in the previous statement and in the present testimony, and the trier can judge whether both the previous declarant and the present testimony are reliable in whole or in part." Morgan, *Hearsay Dangers,* 62 HARV.L.REV. 177, 192 (1948).

On the facts before us, there were circumstantial guarantees of trustworthiness and reliability surrounding the testimony of Officer Folks. Both parties to the out-of-court statement testified at trial. In this manner, not only was the jury able to observe the demeanor of the declarant, but she was available for cross-examination on the details surrounding her identification of the handgun. Furthermore, the gun had been located by the arresting officer (Folks) very close to the spot where appellant was apprehended. We see no error in the admission of the corroborating testimony in this case, as the purposes underlying the hearsay rule have been substantially protected.

We hold that the trial court was correct in overruling defense counsel's objection to Officer Folks' testimony. While his testimony may technically be characterized as hearsay evidence, it was sufficiently reliable and trustworthy to be admissible on the facts of this case. *See United States v. Muscato,* 534 F.Supp. 969 (E.D.N.Y.1982).

*Affirmed.*